UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLIE HERBST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:09 CV 231 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Charlie Herbst, a *pro se* prisoner, filed this habeas corpus petition challenging a prison disciplinary determination. (DE # 1.) In MCF 09-02-0227, a Disciplinary Hearing Body ("DHB") at Miami Correctional Facility found Herbst guilty of giving or receiving anything of value, and sanctioned him with a written reprimand and 60 days lost earned credit time. (DE # 18-5.) Herbst appealed, and the facility head reduced the earned credit time sanction to 15 days and then suspended the sanction. (DE # 18-7.) Herbst thereafter filed this petition.

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV. To trigger federal due process protections, there must be a protected liberty or property interest at stake. *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In the prison disciplinary context, an inmate has a liberty interest at stake and is entitled to due process protections when the state's action "will inevitably affect the duration of his sentence." *Sandin v. Connor*, 515 U.S. 472, 487 (1995). An Indiana inmate is entitled to

due process protections when a DHB revokes earned time credits or demotes him to a lower credit-earning class. *Piggie v. McBride*, 277 F.3d 922, 923 (7th Cir. 2002).

Here, respondent argues that Herbst did not have a liberty interest at stake in the disciplinary hearing because the sanction imposed by the DHB did not lengthen the duration of his confinement. (DE # 18 at 2-3.) Respondent points out that the earned credit time sanction was suspended and became unenforceable under the Department of Corrections' ("DOC") Adult Disciplinary Procedures as of September 3, 2009. (*Id.* at 2 n.1.) Respondent argues that because the suspended sanction has now expired, it could not possibly lengthen the duration of Herbst's confinement. (*Id.* at 2-3.)

Herbst disputes this argument and responds that the DHB's determination lengthened the duration of his confinement in two ways.[1] (DE ## 10, 21.) First, he argues that the guilty finding precluded him from obtaining an educational credit which he otherwise would have received for earning an associate's degree while in prison. (DE # 21 at 1-2.) He points to the DOC's Manual of Policies and Procedures, which provides that an offender may earn an educational credit for completing course work if certain criteria are met, including that the offender is free of either a Class A

---

[1] Herbst may also be arguing that the suspended sanction was in fact imposed when he states that "30 days were taken from Herbst" in another disciplinary case "as the suspended 15 days had not had six (6) months to expire." (*See* DE # 10 at 1.) To the extent this is what Herbst is arguing, the argument has no merit. Respondent has produced Herbst's full disciplinary record for the relevant time period, which shows that the suspended sanction was never imposed. (DE # 19.)

2

conduct report or two or more Class B conduct reports for a period of one year. (DE # 10-1 at 8.)

Second, Herbst argues that the DHB's determination precluded him from obtaining a restoration of earned time credits that he lost in other disciplinary cases. (DE # 21 at 2.) He attaches a copy of the DOC Manual of Polices and Procedures, which provides that offenders may apply for a restoration of lost earned time credits, and that a portion of the credits will automatically be restored if the offender meets certain criteria, including that he has no findings of guilt in disciplinary proceedings for Class A, B, or C offenses for a period of one year. (DE # 10-1 at 4.)

Herbst's arguments are not without merit.[2] In this instance, however, they are unavailing. The documents before the court reflect that between October 2008 and September 2009, Herbst incurred no less than five disciplinary sanctions in addition to this one: two Class B offenses; two Class C offenses (to which he pled guilty); and one Class D offense. (DE # 19.) Because of these other disciplinary offenses, Herbst has not shown that he would have received the additional credits in any event. "[I]f the State's action will inevitably affect the duration of the sentence, there is due process protection,

---

[2] Respondent argues without any citation to case law that Herbst's inability to earn additional credits as a result of this disciplinary determination would not create a protected liberty interest. (*See* DE # 18 at 3.) An inmate can challenge a disciplinary determination when it "inevitably affects the duration of his confinement," *Sandin*, 515 U.S. at 487, and a disciplinary determination which precludes an inmate from receiving a credit he otherwise would have received could conceivably meet this criteria. The court need not resolve the issue here, however, because Herbst has not shown that the disciplinary determination at issue prevented him from receiving credits he otherwise would have received.

but there is no such protection for action that merely *might* affect the duration of the sentence." *Higgason v. Farley*, 83 F.3d 807, 809-10 (7th Cir. 1995) (emphasis in original). Accordingly, Herbst was not entitled to due process protections at the hearing.

Assuming Herbst could establish that he was entitled to due process protections at the hearing, his claims fail on the merits. Herbst was found guilty of giving or receiving anything of value in violation of B233 after he received money from another inmate's family member.[3] (DE # 18-5.) The conduct report and report of investigation reflect that correspondence was recovered from inmate Raphael Miles to his sister Sana Miles, asking her about payments she was supposed to have made to a number of inmates for performing legal work and other favors on his behalf. (DE ## 18-1, 18-2.) It was subsequently determined that Herbst had received two $50 money grams from Sana Miles, even though she was not on his visitor list. (*Id.*) At the disciplinary hearing, Herbst admitted that he had received money from Sana Miles, but denied having done anything wrong and claimed she had sent it to him because they were friends. (DE # 18-5.) Based on the evidence, the DHB found him guilty. (*Id.*)

In his petition, Herbst argues that he cannot be faulted for his actions because prison staff deposited the money to his account, which in his view "authorized" him to spend it. (DE # 1 at 4.) He couches this claim in terms of a "lack of evidence," but the conduct report, report of investigation, and his own statements constitute some

---

[3] Herbst was found guilty of the same offense in MCF 08-10-0150. He filed a separate petition challenging that disciplinary determination. *See Herbst v. Superintendent,* No. 3:09-CV-143 (N.D. Ind. filed Apr. 3, 2009).

evidence to support the DHB's determination that he was guilty of the offense charged, which is all that is required by due process. *Superintendent, Mass.Corr. Inst. v. Hill* , 472 U.S. 445, 455 (1985). Moreover, Herbst was charged with "receiving" something of value without prior authorization; the offense was complete when he received the money, and whether he subsequently spent it after it was posted to his account is irrelevant.

Herbst also claims "entrapment" because he believes it was unfair for prison staff to deposit the money to his account, leading him to believe he was authorized to spend it. (DE # 1 at 4.) As stated above, whether Herbst spent the money was irrelevant to the charge. Moreover, freedom from "entrapment" is not a recognized due process protection under *Wolff v. McDonnell*, 418 U.S. 539 (1974). The protections Herbst was entitled to at his hearing—assuming he was entitled to any at all— were those afforded by *Wolff*, and Herbst has not established that any of his *Wolff* rights were violated.

For the foregoing reasons, the habeas corpus petition (DE # 1) is **DENIED.**

                                                            **SO ORDERED.**

Date: March 1, 2010

                                                    s/James T. Moody_____
                                                    JUDGE JAMES T. MOODY
                                                    UNITED STATES DISTRICT COURT